STATE OF MAINE
KENNEBEC, SS.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. AP-2015-08

EARL E. MOORE,
                    Petitioner

**DECISION AND ORDER**

v.

MAINE DEPARTMENT OF
CORRECTIONS,
                    Respondent

The matter before the court is an appeal by Earl Moore, an inmate at the Maine State Prison, from a disciplinary proceeding (MSP-2014-2083) that resulted in the imposition of sanctions against him for the offense of "trafficking," a Class A violation. This appeal has been brought in accordance with 5 M.R.S. §11001-11008 (Administrative Procedure Act) and M.R.Civ.P. 80C.

## FACTUAL AND PROCEDURAL BACKGROUND

In a disciplinary incident report dated December 9, 2014 Cpl. Newth charged the Petitioner with the Class A violation of "trafficking,"[1] alleged to have occurred on December 8, 2014. (Disciplinary Case No. MSP-2014-2083). The report simply stated: "Positive drug test – auto created by Drug Screening record." (Administrative Record, A.R., at 2). A copy of the MDOC form for requesting a urinalysis test of the Petitioner is included in the record of this case, and reflects

---

[1] "Trafficking of a drug, regardless of whether or not prescribed to the prisoner, or possession or use of a prescription drug not prescribed to the prisoner by the facility healthcare staff, or possession or use of a non-prescribed scheduled drug of the W, X, Y classification, or related paraphernalia, as defined by 17-A M.R.S.A. Class A." Policy 20.1, Procedure E.

that the Petitioner tested positive for "BUP", i.e., Suboxone. A.R. at 5. A photograph of the test has also been made a part of the record. A.R. at 6.

The Petitioner was notified that his disciplinary hearing would be held on December 15, 2014 and it was, in fact, held on that date. A.R. at 1, 7. At the hearing, the Petitioner stated that he was not guilty of the office and pointed out that the request form for his test was incomplete and lacked a "sample number." He also asserted that the officer who performed the drug test was unqualified to do so. The hearing officer found the Petitioner guilty "based on the photo of the test and the request. The request didn't have the DOC number but did have his name. The test did have all required information." A.R. at 7. The hearing officer recommended 30 days disciplinary restriction, 30 days loss of good time and a $100 monetary sanction. A.R. at 8.

The Petitioner filed a timely appeal to the designee of the Chief Administrative Officer, who affirmed the decision and recommended disposition on December 30, 2014. A.R. at 9. The Petition for Judicial Review of Final Agency Action was filed in this court on February 13, 2015.[2]

## DISCUSSION

The Law Court has frequently reaffirmed the principle that judicial review of administrative agency decisions is "deferential and limited." *Passadumkeag Mountain Friends v. Bd. of Envtl. Prot.*, 2014 ME 116, ¶ 12, 102 A.3d 1181 (quoting *Friends of Lincoln Lakes v. Bd. of Envtl. Prot.*, 2010 ME 18, ¶ 12, 989 A.2d 1128). The court is not permitted to overturn an agency's decision "unless it: violates the Constitution or statutes; exceeds the agency's authority; is procedurally

---

[2] The respondent moved to dismiss the petition on the basis that it was untimely and, therefore, the court lacked jurisdiction to consider it. On August 7, 2015 the court (Marden, J.) denied the motion, concluding that there was a factual question as whether the petition was timely based on when the Petitioner received notice of the denial of his appeal.

unlawful; is arbitrary or capricious; constitutes an abuse of discretion; is affected by bias or error of law; or is unsupported by the evidence in the record." *Kroger v Departmental of Environmental Protection*, 2005 ME. 50, ¶ 7, 870 A.2d 566. The party seeking to vacate a state agency decision has the burden of persuasion on appeal. *Anderson v Maine Public Employees Retirement System*, 2009 ME. 134, ¶ 3, 985 A.2d 501. In particular, a party seeking to overturn an agency's decision bears the burden of showing that "no competent evidence" supports it. *Stein v. Me. Crim. Justice Academy*, 2014 ME 82, ¶ 11, 95 A.3d 612.

This court must examine "the entire record to determine whether, on the basis of all the testimony and exhibits before it, the agency could fairly and reasonably find the facts as it did." *Friends of Lincoln Lake v Board of Environmental Protection*, 2001 ME. 18 ¶13, 989 A. 2d 1128. The court may not substitute its judgment for that of the agency's on questions of fact. 5 M.R.S. § 11007(3). Determinations of the believability or credibility of the witnesses and evidence, supported by substantial evidence in the record, should not be disturbed by this court. *Cotton v Maine Employment Security Commission*, 431 A. 2d 637, 640 (Me. 1981). The issue is not whether the court would have reached the same result the agency did, but whether the "record contains competent and substantial evidence that supports the result reached" by the agency. *Seider v. Board of Examiners of Psychologists*, 2000 ME 206, ¶ 8, 762 A.2d 551 *quoting CWCO, Inc. v. Superintendent of Insurance*, 1997 ME 226, ¶ 6, 703 A. 2d 1258, 1261.

The court concludes that there was sufficient and substantial evidence in the record to support the hearing officer's finding of guilt. A finding of guilty "must be based upon a determination that it is more probable than not that the prisoner committed the violation," and "[a] positive drug . . . . test result . . . . is sufficient to meet this standard for disciplinary violations of . . . . Trafficking . . . ." Policy 20.1, Section VI, Procedure C(12). It is not necessary for a

confirmatory, independent test be performed for purposes of a disciplinary proceeding. Policy 20.2, Section VI, Procedure B(5). Evidence by means of a urinalysis test that Petitioner was positive for Suboxone constituted substantial evidence supporting the hearing officer's findings and conclusions.

Department of Corrections policy specifies that the "Request for Urinalysis Test Form" "shall be filled out completely in ink," and that only those employees who have been properly trained may perform drug collection and testing. Policy 20.2, Section VI, Procedure A(4) and Procedure B(1)(a). The fact that no sample number was included on the Petitioner's test form goes to the weight of the evidence, and does not require or even permit this court to reverse the discipline in this matter. It was reasonable for the hearing officer to conclude that the absence of the sample number did not undermine the reliability of the test, particularly since the form contained the Petitioner's name. Moreover, the Petitioner's bald assertion that the officer who perform his test was "unskilled" or unqualified to do so, was a factual issue to be resolved by the hearing officer.

Finally, the remaining claims raised by the Petitioner are without merit and are not discussed further.

## CONCLUSION

The entry is:

The Petition for Review of Final Agency Action is DENIED; the disciplinary action in this matter (MSP-2014-2083) is AFFIRMED.

DATED: October 31, 2016

William R. Stokes
Justice, Maine Superior Court

4